**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JANICE BARNES,

        Plaintiff,                       CASE NO.: 5:22-cv-295

v.

UNITED PARCEL SERVICE, INC. and
ANTHONY HACKETT, Individually,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, JANICE BARNES, by and through her undersigned counsel, hereby files this Complaint against Defendants, UNITED PARCEL SERVICE, INC. ("UPS") and ANTHONY HACKETT ("HACKETT") (collectively "DEFENDANTS"), and respectfully alleges and states as follows:

1. Plaintiff, JANICE BARNES, brings this action against UPS, her former employer, for unlawful sexual harassment, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and its implementing Regulations, and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, §§ 760.01 *et seq*., Florida Statutes (the "FCRA").

2. In addition, Plaintiff seeks to recover damages from DEFENDANTS for the tort of sexual battery committed by HACKETT under the common law of the State of Florida.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343, and 1367. This Court has supplemental jurisdiction over Plaintiff's state law

|   |   |
|---|---|
|   | claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction. |
| 4. | This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. |
| 5. | Venue is proper in the United States District Court for the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Lake County, Florida. |
| 6. | Venue is also proper in this District because Defendants are subject to personal jurisdiction therein by virtue of their substantial, continuous, and systematic commercial activities in this District and Division. *See* 28 U.S.C. §§ 1391(b)(1); 1391(c)(2); 1391(d). |
| 7. | Plaintiff has hired the undersigned law firm and agreed to pay it a reasonable hourly fee for its services. |
| 8. | Plaintiff requests a jury trial for all issues so triable. |

## THE PARTIES

|   |   |
|---|---|
| 9. | Plaintiff JANICE BARNES (hereinafter referred to as "Plaintiff") is an adult female individual and resident of Lake County, Florida who, at all times material herein, resided in Lake County, Florida. |
| 10. | Plaintiff is a member of a class protected against discrimination and harassment on the basis of her sex by Title VII and the FCRA. |

11. Plaintiff is protected from unlawful employment practices, including the sexual harassment, hostile work environment, and retaliation alleged herein, under Title VII and the FCRA.

12. At all times material herein, Plaintiff was an "employee" of Defendants within the meaning of Title VII and the FCRA.

13. UPS is a foreign for-profit corporation with its principle place of business in Atlanta, Georgia.

14. Defendant, HACKETT, is an adult male individual and resident of Lake County, Florida who, at all times material herein, resided in Lake County, Florida.

15. At all times material herein, both corporate Defendants had the right to control the means and manner of Plaintiff's performance of work and both corporate Defendants, by and through their common owner, officers, managers, supervisors, employees, and/or agents, including, but not limited to, Defendant HACKETT, exercised their right to control the means and manner of Plaintiff's performance of work.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

16. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17. On or around August 16, 2021, Plaintiff timely filed dual Charges of Discrimination against UPS with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). It was assigned EEOC Charge No. 510-2022-1479.

18. On June 23, 2022, the EEOC issued Plaintiff Notices of Right to Sue in reference to her Charge of Discrimination against UPS.

19. More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charges of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendants and jurisdiction is proper in this Court. *See* §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

20. All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

21. Plaintiff was hired by UPS on or about June 11, 2020, as a Loader/Unloader in Leesburg, Florida.

22. Plaintiff was supervised by HACKETT.

23. On September 1, 2021, the Plaintiff arrived at work and was pulled into the office area by HACKETT.

24. HACKETT and another supervisor, Marcus Armstrong, were present.

25. HACKETT brought Plaintiff into the office under the guise of asking about work-related issues.

26. Plaintiff looked at her phone and noticed missed calls while she was driving her vehicle.

27. Plaintiff was apologizing for missing the calls when HACKETT grabbed the Plaintiff and pulled her off balance. Plaintiff ended up turned around with her hands on the table. HACKETT pressed his lower body into the Plaintiff and held her down. The Plaintiff could feel HACKETT's genitals from behind as she was being held down against her will.

28. The Plaintiff asked to be released several times and she called out for help from Armstrong who did nothing.

29. The Plaintiff was held down for approximately sixty (60) to ninety (90) seconds.

30. The Plaintiff repeatedly asked HACKETT to "let her go."

31. The Plaintiff was in shock and in a daze after she was released by HACKETT.

32. HACKETT told the Plaintiff to tighten up and do her job after holding her down.

33. As the Plaintiff was walking out of the office, still in a daze, she realized that she needed to return to the office for batteries to her scanner.

34. Plaintiff returned to the office because they were necessary to perform her job duties. HACKETT saw the Plaintiff return and proceeded to grab a hold of the Plaintiff and pinch her arm.

35. The Plaintiff noticed her arm had a burning feeling.

36. After leaving the office for a second time, the Plaintiff was shaken and crying. A few minutes into the shift, the Plaintiff pulled aside Armstrong and asked why he sat by and watched her get treated like she was by HACKETT.

37. Plaintiff could not handle remaining at work and left her shift early.

38. Plaintiff contact the union the next day because she was still shaken and distraught over being sexually battered by HACKETT. She did not feel safe at work.

39. Plaintiff reported the sexual harassment on September 3, 2022.

40. The Plaintiff has suffered from to insomnia, severe depression and severe anxiety since being sexually battered by HACKETT.

### COUNT I
### VIOLATION OF TITLE VII/FCRA –
### SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT
### (UPS)

41. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. Plaintiff, an adult female individual, is a member of a protected class under Title VII on the basis of her sex.

43. At all times material herein, Plaintiff was employed by UPS and UPS was an "employer" within the meaning of Title VII.

44. At all times material herein, UPS was, and is, an employer within the meaning of Title VII and the FCRA. *See* 42 U.S.C. § 2000e(b); Fla. Stat. § 760.02(7).

45. At all times material herein, Defendants employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

46. At all times material herein, Defendant HACKETT was Plaintiff's manager and immediate supervisor.

47. Defendant HACKETT engaged in sexual harassment of Claimant (including inappropriate sexual contact and sexual battery) as more particularly described hereinabove in the "GENERAL ALLEGATIONS" section of this Complaint.

48. Defendant HACKETT's harassment of Plaintiff was unwelcome, severe, of a sexual nature, aggressive, threatening, and abusive.

49. The harassment was based on Plaintiff's sex, and therefore is unlawful under Title VII/FCRA.

50. The actions of UPS, by and through the conduct of their owners, officers, managers, supervisors, employees, and/or agents, constitute unwelcome sexual harassment and discrimination on the basis of sex in violation of Title VII/FCRA.

51. The sexual harassment was of such a degree and severity that it materially and permanently altered the terms, conditions, and privileges of Plaintiff's employment with Defendants and her psychological well-being was seriously affected.

52. The sexual harassment was sufficiently severe and pervasive to alter the terms, conditions, and privileges of Plaintiff's employment and further to create a discriminatorily abusive working environment that became intolerable to Plaintiff.

53. Plaintiff, by being subjected to this sexual harassment and sexually hostile, offensive and anti-female work environment created by UPS, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with UPS.

54. Moreover, UPS, by and through the conduct of their owners, officers, managers, supervisors, employees, and/or agents, took tangible, adverse employment actions against Plaintiff. Further, the conduct of Defendants, by and through their owners, officers, managers, supervisors, employees, and/or agents, and Defendants' failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment of Plaintiff, deprived her of statutory rights under Title VII.

55. There exist several grounds for holding corporate Defendants liable, including, but not limited to, the following:

    (a) HACKETT had managerial and supervisory authority over Plaintiff with the ability to take tangible, adverse employment actions with respect to her employment, and did in fact take such tangible, adverse employment actions against Plaintiff as alleged herein. Therefore, corporate Defendants are strictly liable for the sex harassment, hostile work environment;
    (b) The sexually harassing behavior of Defendant HACKETT toward Plaintiff was open and obvious to management, who failed to take any action to prevent harassment prior to the sexual assault of Plaintiff.;
    (c) Defendants knew or should have known that Defendant HACKETT engaged in previous sexually harassing conduct toward female employees; nevertheless, UPS

    negligently failed to take any action whatsoever to prevent or stop Defendant HACKETT's sexually harassing and discriminatory behavior knowing that he created a risk of harm to female employees, including Plaintiff;

(d)  UPS negligently or recklessly failed to correct Defendant HACKET's prior acts of sexual harassment;

(e)  Defendants failed to exercise reasonable care and were negligent in controlling the working conditions at their place of business and preventing the harassment, as alleged herein;

(f)  UPS was negligent in failing to prevent the harassment from taking place; and

(g)  UPS negligently trained and negligently supervised their managers, supervisors, and employees and failed to provide their managers, supervisors, and employees sufficient formal/informal service training so as to appreciate, carry out, and enforce any anti-sexual harassment policy of Defendants, because such policy either did not exist or was never properly implemented or communicated to Defendants' employees.

56.  As a direct, proximate and foreseeable result of UPS's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, JANICE BARNES, requests trial by jury of all issues so triable as of right, demands judgment against corporate Defendants, UNITED PARCEL SERVICE, INC., and in favor Plaintiff, and respectfully requests that this Court award Plaintiff any and all damages available under Title VII and the FCRA, including, but not limited to, the damages set forth above, front pay in lieu of reinstatement, back pay, compensatory damages, prejudgment interest, attorneys' fees, and costs of this action, and grant Plaintiff such other relief as this Court deems just and proper.

**COUNT II**
**SEXUAL BATTERY**

**(Defendant HACKETT)**

57. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

58. The conduct and acts of HACKETT more fully described hereinabove in the "GENERAL ALLEGATIONS" section of this Complaint constitute the sexual battery of Plaintiff.

59. The intentional harmful, offensive, unwanted, and unwelcome touchings perpetrated by Defendant HACKETT specifically described hereinabove in the "GENERAL ALLEGATIONS" section of this Complaint also constitute the tort of battery.

60. Defendant HACKETT intentionally engaged in harmful or offensive conduct with Plaintiff's person without her approval or consent on multiple occasions as alleged as more particularly alleged hereinabove in the "GENERAL ALLEGATIONS" section of this Complaint.

61. Defendant HACKET took advantage of his role as Plaintiff's manager and immediate supervisor to sexually batter the Plaintiff as more particularly alleged hereinabove in the "GENERAL ALLEGATIONS" section of this Complaint.

62. Defendant HACKETT's multiple, harmful touching of Plaintiff were unwelcome, unwanted, and Plaintiff did not consent to them.

63. The instances of unlawful sexual battery by Defendant HACKETT were willful, wanton, intentional and with malice and/or was committed with reckless disregard for Plaintiff's rights or to the consequences of his actions.

64. Plaintiff has suffered greatly from fear and distress as a direct result of the conduct of Defendant HACKETT. Moreover, the sexual battery negatively impacted Plaintiff's physical and emotional health and well-being.

65. Defendant HACKETT engaged in unlawful sexual battery on Plaintiff with the knowledge or substantial certainty that emotional or mental distress would result.

66. As a direct, proximate and foreseeable result of the actions of Defendant HACKETT, Plaintiff has suffered, continues to suffer, and will suffer past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

67. The actions of Defendant HACKETT were wanton and willful, and in such total disregard of Plaintiff's rights and dignity as to require the imposition of exemplary damages to punish Defendant HACKETT for his intentional and unlawful actions and to deter him and others from similar actions in the future. Accordingly, Plaintiff is also entitled to punitive damages.

**WHEREFORE**, the Plaintiff, JANICE BARNES, requests trial by jury of all issues so triable as of right, demands judgment against Defendant ANTHONY HACKETT, and in favor Plaintiff, and respectfully requests that this Court award Plaintiff any and all damages available under the laws of the State of Florida for the tort of battery, including, but not limited to, compensatory damages, punitive damages, prejudgment interest, attorneys' fees, and costs of this action, and grant Plaintiff such other relief as this Court deems just and proper.

## COUNT IV
## VICARIOUS LIABILITY – BATTERY AGAINST NUCO2 MANAGEMENT LLC

68. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

69. UPS's employees, supervisors, managers, and/or agents perpetrated the tort of sexual battery upon Plaintiff. At all relevant times herein, UPS's personnel acted with actual and/or apparent authority and as managers and/or agents of UPS.

70. The conduct and acts more fully described in the "GENERAL ALLEGATIONS" section of this Complaint, herein, constitute multiple acts of sexual battery on Plaintiff. The offensive, unwanted, and unwelcome touching perpetrated by UPS's manager and/or agent who sexually battered Plaintiff constitute the tort of sexual battery. The actions more specifically described herein above also constitute intentional, harmful, offensive, and unwanted sexual touching of Plaintiff.

71. UPS's manager and/or agent, HACKETT's, utilized his position and authority on behalf of his role with UPS to manipulate the Plaintiff to engage in sexual activity and initiate this unwanted sexual touching.

72. At the time of harmful touching's, HACKETT was acting within the course and scope of his employment as a supervisory employee with the UPS. The intentional, harmful, and offensive conduct occurred within working hours at UPS's place of employment. The conduct also occurred in the course of HACKETT performing tasks for the work purpose and benefit of UPS. In directing Plaintiff to meet him in an office alone under false pretenses, HACKETT's intention was, at least in part, to serve the interests of his employer, UPS. Therefore, the conduct was closely tied to the work purpose of HACKETT.

73. At all times material to the sexual battery, HACKETT was both (a) purporting to speak on behalf UPS and (b) aided in accomplishing the sexual battery by the existence of his agency relationship. Specifically, HACKETT utilized his position of authority to lure the Plaintiff into an office under false pretenses and let down her guard.

74. The unlawful battery by UPS's manager and/or agent were willful, wanton, intentional and with malice and/or was committed with reckless disregard for Plaintiff's rights or to the consequences of his actions.

75. Plaintiff has suffered greatly from fear and distress as a direct result of the conduct of UPS's manager and/or agent. Moreover, the battery negatively impacted Plaintiff's physical and emotional health and well-being.

76. UPS's manager and/or agent engaged in unlawful battery on Plaintiff with the knowledge or substantial certainty that emotional or mental distress would result. Moreover, UPS was on notice, and/or it knew or reasonably should have known, that its manager and/or agent was repeatedly engaging in this tortious conduct, yet UPS took no meaningful action to prevent or curtail this unlawful conduct.

77. Accordingly, the sexual battery committed by HACKETT against Plaintiff was foreseeable to UPS; and UPS recklessly disregarded the risk that such battery would occur.

**WHEREFORE**, the Plaintiff, JANICE BARNES, requests trial by jury of all issues so triable as of right, demands judgment against Defendant UNITED PARCEL SERVICE INC., and in favor Plaintiff, and respectfully requests that this Court award Plaintiff any and all damages available under the laws of the State of Florida for the tort of battery, including, but not limited to, compensatory damages, punitive damages, prejudgment interest, attorneys' fees, and costs of this action, and grant Plaintiff such other relief as this Court deems just and proper.

### ADDITIONAL PARTIES AND/OR CLAIMS

78. Plaintiff respectfully requests leave to amend her Complaint to add additional parties and/or claims upon completing additional discovery. It may be necessary to name

employees, supervisors, managers, and/or agents of the above-named Defendants, and/or to add additional claims.

## DEMAND FOR JURY TRIAL

79.   Plaintiff, by and through her undersigned counsel, hereby demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted: this 28th day of June 2022.

> By: /s/ Frank M. Malatesta, Esq.
> **FRANK M. MALATESTA, ESQUIRE**
> Florida Bar No.: 0097080
> MALATESTA LAW OFFICE
> 871 Venetia Bay Boulevard, Suite 235
> Venice, Florida 34285
> Telephone No.: (941) 256-3812
> Facsimile No.: (888) 501-3865
> Frank@malatestalawoffice.com
> Staff@malatestalawoffice.com
> *Counsel for Plaintiff*